IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Eugene J. Cunningham, | ) | C/A NO. 9:12-2596-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Darlene Drew, Warden, FCI; Inmate Work | ) | |
| Committee, a/k/a Inmate Job Quoatas [sic] | ) | |
| Assignment memebers [sic] – FCI | ) | |
| Bennettsville; T. Whitehead, Acting (CMC) | ) | |
| Case Manager Coordinator, FCI | ) | |
| Bennettsville; C. Harden, Case Manager, | ) | |
| FCI Bennettsville; M. Holland, Case | ) | |
| Manager, FCI Bennettsville; T. Smalls, | ) | |
| Principal, FCI Bennettsville; G. Del Rel, | ) | |
| Captain, FCI Bennettsville; W. Kinnion, | ) | |
| Food Service Administrator, FCI | ) | |
| Bennettsville, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiff seeks monetary damages for alleged violations of equal protection and due process.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this

matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings

and a Report and Recommendation ("Report"). On September 28, 2012, the Magistrate Judge issued

a Report recommending that this matter be dismissed without prejudice and without issuance and

service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for

filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed

no objections to the Report, but instead has filed an amended complaint, seeking to cure the deficiency outlined by the Magistrate Judge in the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

Plaintiff's Amended Complaint lists two Defendants: Darlene Drew, Warden FCI Bennettsville; and G. Del Rel, Captain FCI Bennettsville. Accordingly, as the Amended Complaint contains allegations only as to these two Defendants, the Clerk is directed to terminate all other Defendants, and they are dismissed without prejudice.

### STANDARD

Under established local procedure and in light of certain legal precedents, a careful review has been made of the *pro se* amended complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. *See also Denton v. Hernandez*, 504 U.S. 25 (1992); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of*

*Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*). Morever, because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980) (*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).

Upon initial review, Plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even with this assumption, Plaintiff must plead factual content that allows the court to draw the reasonable inference that the named defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Even when considered under this less stringent standard, however, Plaintiff's amended complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

This court must dismiss any action filed by a prisoner if the court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory" or claims where the "factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The second standard is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's

well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993); see also *Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This approach recognizes that "naked assertions" of wrongdoing necessitate some "factual enhancement" within the complaint to cross "the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted). Determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" as required by Rule 8. *Iqbal*, 556 U.S. at 679 (alteration in original) (citation omitted) (quoting Fed.R.Civ.P. 8(a)(2)). The Court noted that even though Rule 8 "marks a notable and generous departure from the hyper-technical, codepleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff cannot satisfy this standard with a complaint containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555

(citations omitted). Instead, Plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id*. (citation omitted), stating a claim that is "plausible on its face," *id*. at 570, rather than merely "conceivable." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 663 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) ( citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the court liberally construes pro se complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir.1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

As noted by the Magistrate Judge, actions by the federal government which classify individuals in a discriminatory manner could violate the due process right embodied in the Fifth Amendment. Plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). If Plaintiff makes this showing, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id*.

Generally, the question of whether the equal protection clause has been violated arises when a state or federal action grants a particular class of individuals the right to engage in an activity yet denies other individuals the same right. Additionally, the United States Supreme Court has recognized that it is possible to make an equal protection claim if one is singled out as a individual for "arbitrary and irrational treatment," with no rational basis for such disparate treatment, even if one is not being discriminated against as a member of a certain group. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Willis v. Town of Marshall, N.C.*, 426 F.3d 251, 263 (4th Cir. 2005). In such a "class of one" equal protection claim, the plaintiff must allege facts to demonstrate that the defendant intentionally treated the plaintiff differently from other similarly situated persons, without any rational basis for the difference. However, when reviewing an equal protection claim in the prison context, courts must adjust the level of scrutiny to ensure that prison officials are afforded the necessary discretion to operate their facilities in a safe and secure manner. In such instances, a prisoner claiming an equal protection violation must allege facts demonstrating the above and that the disparate treatment is not "reasonably related to any legitimate penological interest." *Veney v. Wyche*, 293 F.3d 726, 730-32 (4th Cir. 2002).

### DISCUSSION

Plaintiff contends that Defendants violated his right to equal protection by denying him the "same jobs and privileges as other inmates who are housed at Federal Correctional Institution, Bennettsville, South Carolina." Amd. Compl. at 1 (ECF No. 15, filed Oct. 19, 2012). Plaintiff alleges that this is a violation of equal protection because Defendants have "implemented polic[ies] and procedure[s] that allows Plaintiff['s] custody [classification] to be treated as a maximum security inmate that disallow[s] [the] same treatment as all other inmates who[se] security and

custody is the same as plaintiff." *Id*. at 4. Plaintiff contends "he should be afforded the same jobs and privileges and programs as all other inmates who ha[ve] the same custody and [are] situated the same as Plaintiff." *Id*. *See also id*. at 5 (Defendants' implementation of policies result in them "treating Plaintiff different[ly] [than] the rest of the population that the same custody as Plaintiff.").

Taking Plaintiff's allegations as true, as the court must do at this juncture, it cannot be said that Plaintiff has failed to state a claim in his amended complaint upon which relief can be granted. He has narrowed and altered his allegations, and accordingly, Plaintiff's claim requires additional factual exposition from Defendants.

CONCLUSION

Therefore, after reviewing Plaintiff's complaint, amended complaint, and the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's analysis of the complaint and adopts the Report as it relates to Plaintiff's original complaint. However, in light of Plaintiff's amended complaint, the court directs that this matter be served on Defendants Drew and Rel. This matter is returned to the Magistrate Judge for further proceedings consistent with this order.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 26, 2012