IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene Jerome Cunningham, #02433-135, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Darlene Drew, Warden, FCI Bennettsville )<br>and G. Del Rel, Captain, FCI Bennettsville, )<br>)<br>Defendants. )<br>_____ ) | No. 9:12-cv-2596-RMG<br><br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending this Court grant Defendants' motion for summary judgment and that this case be dismissed. (Dkt. No. 84).

**Background**

Plaintiff Eugene Jerome Cunningham, an inmate with the Federal Bureau of Prisons, brings this action *pro se* pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his constitutional rights by the named Defendants and seeking monetary damages. (Dkt. No. 1). Specifically, Plaintiff alleges that he has been "denied jobs in the commissary, recreation and other jobs [throughout] the Institution," while other inmates with the same custody level are able to hold these jobs. (Dkt. No. 21). Plaintiff claims that his equal protection rights are being violated by Defendants because he is similarly situated with these other medium security inmates. Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) DSC, this matter was automatically referred to a United States Magistrate Judge for pretrial proceedings.

Defendants filed an amended motion for summary judgment on August 1, 2013. (Dkt. No. 67). After receiving an extension of time to file his response, Plaintiff filed a memorandum in opposition to

1

summary judgment. (Dkt. No. 82). On October 29, 2013, the Magistrate Judge issued the present R & R recommending the Court grant Defendants' motion for summary judgment. (Dkt. No. 84). Plaintiff then failed to file timely objections to the R & R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record and the R & R, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and wholly adopts the R & R as the order of the Court.

As noted by the Magistrate Judge, prison inmates have no federally protected right or interest in any job while incarcerated. *See James v. Jackson*, No. 9:08-144-TLW, 2009 WL 291162, at *8 (D.S.C. Feb. 4, 2009) ("[I]nmates do not have a liberty interest derived from the due process clause, nor do they have a property interest, in a specific job or any job at all while incarcerated"). However, even absent this right or property interest, one may have an equal protection claim if they are singled out for arbitrary and irrational treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

In such an equal protection claim, to survive summary judgment, a plaintiff must first have

evidence to demonstrate that "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination," and, if so, the court must then determine whether the disparate treatment is "reasonably related to any legitimate penological interest." *Veney v. Wyche*, 293 F.3d 726, 730-32 (4th Cir. 2002).

Here, Plaintiff has not presented any evidence that he has been treated differently than other similarly situated prisoners. Documents presented by Plaintiff and Defendants show that the job placement system is implemented on a prison-wide basis and Plaintiff does not argue that fact. Instead, Plaintiff argues that he is entitled to be treated the same as other medium security inmates who are not serving life sentences, which is contrary to prison policy. There is no constitutional right to be distinguished in this way. *See Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) (Constitution vests no liberty interest in a particular custody status so long as the degree of confinement is within the sentence imposed).

The evidence presented shows that Plaintiff is a medium security inmate serving a life sentence, and is being treated in the same manner as all other medium security inmates at FCI Bennettsville who are serving life sentences. Because Plaintiff has failed to show any evidence showing that he is treated differently than other similarly situated inmates, his equal protection claim fails. Furthermore, even if this showing had been satisfied, the prison job placement policy in question was implemented for security purposes, a legitimate penological interest, and had nothing to do with the Plaintiff individually. Finally, Plaintiff's own evidence shows that his classification is in compliance with prison policies and procedures and affects all prisoners of medium security who are serving life sentences. Therefore, Plaintiff's claim is without merit.

## Conclusion

For the reasons given above, this Court adopts the Magistrate Judge's R & R in full. (Dkt. No. 84). Accordingly, Defendants' motion for summary judgment, (Dkt. No. 67), is GRANTED.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

November 22, 2013
Charleston, South Carolina